UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TINA LUNA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4:22-cv-559 |
| | § | |
| **APRIL SHARPLESS, VANTAGE** | § | |
| **MOBILITY ACQUISITION** | § | |
| **CORPORATION D/B/A AMS VANS,** | § | |
| **LLC, and BEYOND MOBILITY, INC.** | § | |
| **D/B/A AMS VANS, INC.** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants APRIL SHARPLESS, VANTAGE MOBILITY INTERNATIONAL, LLC, and AMS VANS, LLC (the named business entities improperly identified as Vantage Mobility Acquisition Corporation d/b/a AMS Vans, LLC and/or Beyond Mobility, Inc. d/b/a AMS Vans, Inc.), hereby file this Notice of Removal of the above entitled and numbered cause, and in support thereof state as follows:

### I.   BACKGROUND

1. This is a personal injury suit. Plaintiff has filed the above captioned action in the 269th Judicial District Court of Harris County, Texas, styled as *Tina Luna v. April Sharpless, Vantage Mobility Acquisition Corporation d/b/a AMS Vans, LLC, and Beyond Mobility, Inc. d/b/a AMS Vans, Inc.,* Cause No. 2022-04063. A true and correct copy of Plaintiff's Original Petition

1

together with all exhibits and pleadings on file with the State Court at the time of this Removal are attached hereto as **Exhibit A.**

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

2. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where such action is pending."

3. Plaintiff alleges she is a resident of the State of Texas. *See* Plaintiff's Original Petition, sec. II, para. 2.1. As such, Plaintiff is a citizen of Texas.

4. Defendant April Sharpless ("Sharpless") is a resident of the state of Ohio. *See* Plaintiff's Original Petition, sec. II, para. 2.2. As such, Sharpless is a citizen of Ohio.

5. Defendant Vantage Mobility International, LLC ("VMI"), was the employer of Defendant Sharpless at the time of the motor vehicle accident made the basis of Plaintiff's lawsuit. *See* **Exhibit B**, Sworn Declaration of Mark Shaughnessy. VMI is an Arizona Limited Liability Company with its principal place of business in Arizona. Vantage Mobility Acquisitions Corp. is the sole member of VMI and it is organized under the laws of Delaware with its principal place of business in Arizona. Therefore, VMI is a citizen of Arizona and Delaware.

6. AMS Vans, LLC was the owner of the subject vehicle that was driven by Defendant Sharpless at the time of the accident. *See* **Exhibit B.** AMS Vans, LLC is a Delaware Limited Liability Corporation with its principal place of business in Georgia. Vantage Mobility Acquisitions Corp. is the sole member of AMS Vans, LLC and it is organized under the laws of Delaware with its principal place of business in Arizona. Therefore, AMS Vans, LLC is a citizen of Georgia, Delaware, and Arizona.

7.  Defendants have limited information about Beyond Mobility, Inc. and AMS Vans, Inc. at this time (sued as Beyond Mobility, Inc. d/b/a AMS Vans, Inc.); however, it is Defendants understanding that both entities are organized under the laws of Georgia. Regardless of Beyond Mobility, Inc. and AMS Vans, Inc.'s citizenship, they are not proper parties as neither entity employed Defendant Sharpless nor owned the vehicle driven by Defendant Sharpless at the time of the motor vehicle accident in question. *See* **Exhibit B**.

8.  There is complete diversity between the parties pursuant to 28 U.S.C. §1332.

9.  Plaintiffs claim they seek monetary relief between $250,000.00 and $1,000,000.00. *See* Plaintiffs' Original Petition, sec. I, para 1.2. Thus, the amount in controversy in this case exceeds the $75,000 threshold. Therefore, the amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied.

10. Defendant Sharpless was served with Plaintiff's Original Petition on January 25, 2022. This Removal is therefore filed within thirty-days of Defendant Sharpless' receipt of the Complaint, as required by 28 U.S.C. §1446(a-b). VMI and AMS Vans, LLC consent to this Notice of Removal by their joinder in this pleading.

11. Copies of all state court pleadings and process are attached hereto with an index as required by 28 U.S.C. §1446(a) and the Local Rules.

12. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the 269th Judicial District Court of Harris County, Texas and served upon counsel for Plaintiff pursuant to 28 U.S.C. §1446(d).

13. VMI, AMS Vans, LLC, and Sharpless have complied with all requirements for removal under Title 28, United States Code.

14. Pursuant to Federal Rule of Civil Procedure 38, VMI, AMS Vans, LLC, and Sharpless demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants VANTAGE MOBILITY INTERNATIONAL, LLC, AMS VANS, LLC, and April Sharpless respectfully give notice that this state court action has been removed from the 269th Judicial District Court of Harris County, Texas and placed on the United States District Court for the Southern District of Texas, Houston Division docket for further proceedings.

DATE: February 21, 2022.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP.

*/s/ Kent M. Adams*
**KENT M. ADAMS**
State Bar No. 00862900
Federal Bar No. 246
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Federal Bar No. 2727495
Danielle.Hollis@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**COUNSEL FOR DEFENDANTS
APRIL SHARPLESS, VANTAGE MOBILITY INTERNATIONAL, LLC, AND AMS VANS, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 21th day of February, 2022, through the Court's automatic distribution system, in conformity with the Federal Rules of Civil Procedure.

*/s/ Kent M. Adams*
KENT M. ADAMS